**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Feb 07 2013, 9:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTOPHER ESTRIDGE,       )
                            )
Appellant-Defendant,        )
                            )
vs.                         )       No. 15A01-1205-CR-209
                            )
STATE OF INDIANA,           )
                            )
Appellee-Plaintiff.         )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathon N. Cleary, Judge
Cause No. 15D01-0902-FB-1

**February 7, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Christopher Estridge appeals the revocation of his probation. We affirm.

**Issues**

Estridge raises two issues, which we restate as:

I.    whether the trial court properly revoked his probation; and

II.   whether the trial court properly ordered him to serve two years of his suspended sentence.

**Facts**

In 2009, the State charged Estridge with Class B felony dealing in a schedule II controlled substance (methadone), Class D felony unlawfully acquiring a controlled substance, and Class D felony conspiracy to unlawfully acquire a controlled substance. Estridge pled guilty to Class B felony dealing in a schedule II controlled substance. The trial court sentenced Estridge to 7,300 days with 6,205 days suspended to probation.

On February 21, 2012, the State alleged that Estridge had violated his probation by failing a urine drug screen and testing positive for benzodiazepines without a valid prescription. At a hearing on the probation revocation, Estridge and his wife testified that his wife accidentally gave Valium to Estridge while he was sick. The trial court stated that it had "a hard time accepting" Estridge's defense on "many different levels." Tr. p. 56. The trial court found that Estridge had violated his probation and ordered him to serve 730 days of his previously suspended sentence with 365 days imprisonment and 365 days in community corrections home detention. Estridge now appeals.

## Analysis

### I. *Probation Revocation*

Estridge argues that the trial court improperly revoked his probation. Probation revocation is governed by Indiana Code Section 35-38-2-3. A probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999). We will consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any term of probation, we will affirm its decision to revoke probation. Id.

Estridge argues that the evidence was insufficient for the trial court to find that he violated his probation. According to Estridge, there was no evidence to show that he knew he was violating the terms of his probation when his wife gave him the medication. The trial court considered Estridge's defense and found it unbelievable. Estridge's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. The State presented evidence that Estridge's urine screen showed the presence of benzodiazepines and that Estridge did not have a valid prescription. Consequently, the evidence was sufficient to show that Estridge violated a condition of his probation.

### II. *Sentencing*

Estridge argues that the sentence imposed following the revocation of his probation was an abuse of discretion. "Probation is a matter of grace left to trial court

3

discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." Id. (citing Ind. Code § 35-38-2-3). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id. Upon the revocation of probation, the trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. I.C. § 35-38-2-3(h).[1]

Although the trial court could have ordered Estridge to serve his entire 6,205-day suspended sentence, the trial court instead ordered him to serve 730 days of his previously suspended sentence with 365 days imprisonment and 365 days in community corrections home detention. Estridge argues that this sentence was "harsh" because he was employed and supporting his wife and four children, he had significantly improved in his drug addiction, his family had suffered significant hardship during his last incarceration, and this was his first probation violation. Appellant's Br. p. 6. The trial court here noted Estridge's significant criminal history and that he was at the beginning of a 6,205-day probationary period. Given the circumstances here, the trial court was

---

[1] Indiana Code Section 35-38-2-3 was amended effective July 1, 2012. See Ind. Pub. L. No. 147-2012, § 10. Indiana Code Section 35-38-2-3(h) was formerly Indiana Code Section 35-38-2-3(g).

4

within its discretion to order Estridge to serve only two years of his previously suspended sentence.

## Conclusion

The trial court properly found that Estridge violated his probation and did not abuse its discretion when it sentenced Estridge for the probation violation. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.